[Cite as *Hyman v. Ohio Dept. of Transp.*, 2010-Ohio-6545.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GEOFFREY L. HYMAN

Plaintiff

v.

OHIO DEPARTMENT OF TRANSPORTATION

Defendant

Case No. 2010-03304-AD

Deputy Clerk Daniel R. Borchert

MEMORANDUM DECISION

{¶ 1} Plaintiff, Geoffrey L. Hyman, filed this action against defendant, Department of Transportation (ODOT), contending the tire on his 2002 Dodge Dakota was damaged as a proximate cause of negligence on the part of ODOT personnel in conducting snow removal operations on State Route 49 in Paulding County. Specifically, plaintiff asserted the tire on his vehicle was damaged when his vehicle ran over a dislodged road reflector laying on the roadway. Plaintiff located the damage incident at "about 1.5 miles north of Payne, Ohio on State Route 49 between County roads 94 and 106." Plaintiff advised "[a] snowplow knocked 2 reflectors out of the road and I ran over one and ruined my tire." However, in his complaint, plaintiff noted "I did not see a snowplow knock the reflectors out, but I don't know how else it would be possible." Plaintiff recalled the described damage event occurred on February 18, 2010 at approximately 9:20 a.m. Plaintiff requested damage recovery in the amount of $206.36, the total cost of a replacement tire. The filing fee was paid.

{¶ 2} Defendant denied liability in this matter based on the contention that no ODOT personnel had any knowledge of a loose or defective reflector on the roadway

prior to plaintiff's February 18, 2010 property damage occurrence. Defendant denied receiving any calls or complaints from any entity regarding a loose reflector on the roadway, which ODOT located "between mileposts 7.07 and 8.08 on SR 49 in Paulding County." Defendant asserted plaintiff did not produce any evidence to establish the length of time that the loose reflectors were on the roadway prior to 9:20 a.m. on February 18, 2010. Defendant suggested the particular reflector, "existed in that location for only a relatively short amount of time before plaintiff's incident."

{¶ 3} Defendant contended that plaintiff did not offer evidence to prove property damage was attributable to conduct on the part of ODOT personnel. Defendant acknowledged that the roadway between mileposts 7.07 and 8.08 was regularly maintained and submitted a "Maintenance History" showing the last time that an ODOT work force was in the area prior to February 18, 2010 was on January 28, 2010 when sign maintenance was conducted. Defendant asserted plaintiff did not offer any evidence to prove ODOT snow plowing activity dislodged the reflectors. Defendant characterized plaintiff's claimed cause of the reflector being dislodged from the roadway surface as "an assumption." The claim file is devoid of any record of snow removal operations conducted by ODOT on State Route 49. Defendant asserted that, "if there was a noticeable defect with any raised or loosened pavement marker, it would have immediately been repaired."

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as trier of

fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864. Additionally, defendant has the duty to exercise reasonable care for the motoring public when conducting snow removal operations. *Andrews v. Ohio Department of Transportation* (1998), 97-07277-AD.

{¶ 6} Ordinarily in a claim involving roadway defects, plaintiff must prove that either: 1) defendant had actual or constructive notice of the defective condition and failed to respond in a reasonable time or responded in a negligent manner, or 2) that defendant, in a general sense, maintains its highways negligently. *Denis v. Department of Transportation* (1976), 75-0287-AD. There is no proof that defendant had actual notice or constructive notice of the dislodged raised pavement marker.

{¶ 7} In order to prove a breach of the duty to maintain the highways, plaintiff must prove, by a preponderance of the evidence, that defendant had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179. However, proof of notice of a dangerous condition is not necessary when defendant's own agents actively cause such condition. *Bello v. City of Cleveland* (1922), 106 Ohio St. 94, 138 N.E. 526, at paragraph one of the syllabus; *Sexton v. Ohio Department of Transportation* (1996), 94-13861. No evidence has been submitted to prove that the damage-causing pavement marker was originally dislodged from the roadway by defendant's personnel.

{¶ 8} "If any injury is the natural and probable consequence of a negligent act and it is such as should have been foreseen in the light of all the attending circumstances, the injury is then the proximate result of negligence. It is not necessary that the defendant should have anticipated the particular injury. It is sufficient that his

act is likely to result in an injury to someone." *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 160, 6 OBR 209, 451 N.E. 2d 815, quoting *Neff Lumber Co. v. First National Bank of St. Clairsville, Admr.* (1930), 122 Ohio St. 302, 309, 171 N.E. 327.

{¶ 9} Plaintiff has not shown, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his property damage was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing reflector was connected to any conduct under the control of defendant, or that there was any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Consequently, plaintiff's claim is denied.

{¶ 10} Finally, plaintiff has not produced any evidence to infer that defendant, in a general sense, maintains its highways negligently or that defendant's acts caused the defective condition. *Herlihy v. Ohio Department of Transportation* (1999), 99-07011-AD. Therefore, defendant is not liable for any damage that plaintiff may have suffered from the dislodged reflector.

## Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

GEOFFREY L. HYMAN

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION

      Defendant

      Case No. 2010-03304-AD

Deputy Clerk Daniel R. Borchert

ENTRY OF ADMINISTRATIVE DETERMINATION

      Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

 

                                     _____

                                   DANIEL R. BORCHERT
                                   Deputy Clerk

Entry cc:

Geoffrey L. Hyman                    Jolene M. Molitoris, Director
415 Arda Avenue                    Department of Transportation
Payne, Ohio  45880                1980 West Broad Street
                                    Columbus, Ohio  43223

RDK/laa
8/3
Filed 9/20/10
Sent to S.C. reporter 12/29/10